It appears from the pleadings that this contract was made in North Carolina, and between two citizens of that State. Before the passage of the Act of 1801, c. 6, it was clear that this Court *Page 79 
could not decree in such a case. Act 1787, c. 22, Ird. 624.
The idea conveyed by the Act of 1787 is, that no proceedings of this court shall be good against a person residing out of this State unless the contract were made in this State.
The law of nations, which we take to be part of the law of the land, will not permit individuals of foreign countries, upon contracts made there to submit their disputes to our tribunals in local matters: mere personal claims may follow the delinquent. Even this seems more to result from the amenity of the law than strict principle.
All suits in courts of equity, however, are considered local by our law, and though the Act of 1801 says it is proper matter to be used in abatement, and shall not be made an exception upon the hearing, yet I am strongly inclined to think that, if it appears upon the face of the pleadings that both of the litigant parties are foreigners and a foreign contract, we ought not to interpose. By the nature of all governments, courts were constituted to administer justice in relation to their own citizens; and not to do the business of citizens or subjects of other States. The judges of their own State are employed, and paid for that purpose.
To encourage the resort of foreigners to our courts would be doing injustice to our own citizens who have business here to be attended to.
Upon the other principle, however, I concur with the opinion given; but as both parties seem somewhat to blame as to troubling this court with the cause, I am of opinion that each should pay his own costs on the dismission.
In this OVERTON, J., concurred. CAMPBELL, J., accordant.